UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTOINE LAMAR FOWLER,

    Plaintiff,

    v.

DOCTOR GOLDENSEN, et al.,

    Defendants.

                                               /

No. C 14-0527 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at the San Francisco County Jail, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that jail medical personnel improperly have delayed oral surgery to remove an impacted tooth, causing plaintiff severe pain. Plaintiff names as defendants Jail Health Services, Dr. Joe Goldensen, and Nurse Practitioner Nancy Orcult, but adds no facts whatsoever linking them to his allegations of wrongdoing.

## DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A "serious medical need" exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle, 429 U.S. at 104), overruled in part on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is "deliberately indifferent" if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. Id. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, . . . cannot under our cases be condemned as the infliction of punishment." Id. at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)). Prison officials violate their constitutional obligation only by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

Plaintiff's allegations will be dismissed with leave to amend to set forth specific facts showing how each named defendant was deliberately indifferent to plaintiff's serious medical needs, if possible. Plaintiff must link each named defendant with his allegations of wrongdoing so as to show how each defendant actually and proximately caused the deprivation of his federal rights of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A prison official cannot be liable for damages under § 1983 simply because he is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

2

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within **twenty-eight (28) days** of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order (14-0527 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.** The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

IT IS SO ORDERED.

DATED:   April 14, 2014

NATHANAEL M. COUSINS
United States Magistrate Judge